IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY D. NOBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-01149-NKL |
| ) | |
| OZBORN-HESSEY LOGISTICS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Timothy Noble filed this lawsuit seeking damages for negligence against Shane Waller, Wise Way Transportation Services, Ozborn-Hessey Logistics (OHL), John Doe Senior Director of Operations for OHL, John Doe Warehouse Operations Supervisor for OHL, and John Doe Safety Coordinator for OHL (John Doe Defendants) after Defendant Waller drove a tractor-trailer over Noble's foot while backing it into a loading dock at the OHL warehouse where Noble worked. Before the Court is Noble's Motion to Remand, [Doc. 13], and OHL's Motion to Quash Purported Service of Summons on John Doe Defendants, [Doc. 6]. For the reasons set forth below, the Motion to Remand is denied, and the Motion to Quash Purported Service is granted.

**I.      Background**

Plaintiff Timothy Noble is a citizen of Missouri. Defendant Shane Waller is a citizen of Wisconsin. Defendant Wise Way Transportation Services is a foreign corporation domiciled in Wisconsin. Defendant OHL is a foreign corporation with its

1

principal place of business in Tennessee.  The John Doe Defendants are citizens of Missouri.[1]  Noble alleges that Waller was operating a tractor trailer owned by and operated under the authority of Wise Way at the loading dock of OHL's Distribution Center in Kansas City, Missouri. As Noble was helping Waller back his truck up to the dock at the OHL warehouse, Waller drove his truck over Noble's foot.  As a result, Noble sustained a spiral fracture to his right foot.  Noble alleges Waller operated the truck, which was in a defective and damaged condition, in a careless and negligent manner and is liable for Noble's injury.  Noble also alleges that Wise Way, Waller's employer, is vicariously liable for Waller's actions and independently negligent.  Noble further alleges that the John Doe Defendants owed a duty to OHL employees to provide a safe working environment and are liable to him after they negligently failed to ensure that policies and procedures concerning safety of employees at the OHL worksite were being followed and enforced.  Noble claims OHL, the John Doe Defendants' employer, is vicariously liable for their actions and independently negligent.

Noble originally filed this lawsuit in the Circuit Court of Jackson County, Missouri.  In an attempt to serve the John Doe Defendants, Noble mailed the Petition and a Notice and Acknowledgment for Service by Mail to an OHL facility.  Noble directed the documents to the John Doe Defendants' job titles but not their actual names.   OHL removed the case to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

**II.     Discussion**

---

[1] Although Noble states that he cannot yet identify the John Doe Defendants by their actual names, he alleges they are citizens of Missouri who are employees of OHL and who can be found at OHL's Kansas City, Missouri location.

2

Case 4:14-cv-01149-RK   Document 29   Filed 02/26/15   Page 2 of 7

### A. Motion to Remand

Noble argues remand to the Circuit Court of Jackson County is appropriate because like Noble, the John Doe Defendants are citizens of Missouri, and therefore, complete diversity does not exist. Defendants argue that the Motion should be denied because in determining whether a civil action is removable on the basis of jurisdiction under 28 U.S.C. § 1332(a), the citizenship of defendants sued under fictitious names should be disregarded.

Under 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction of a civil action where the matter in controversy exceeds $75,000 and is between citizens of different states. To satisfy § 1332, it is "well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). When a district court has original jurisdiction, any civil action brought in a state court may be removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). However, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to the state court. 28 U.S.C. § 1447. "In determining whether a civil action is removable on the basis of jurisdiction under [§] 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Despite the clear language of § 1441(b)(1) which states that the citizenship of the John Doe Defendants should be disregarded in determining whether this case is

3

removable, Noble argues that federal courts have been inclined to construe the language leniently.  In support of this argument, Noble cites to *Central Assoc. Carriers v. Nickelberry*, 995 F. Supp. 1031 (W.D. Mo. 1998).  In *Nickelberry*, the plaintiff's petition included two named defendants and a John Doe.  *Id.* at 1033.  The plaintiff alleged negligence against John Doe.  In remanding the case back to state court, the court stated that "a [John] Doe case may not be removed until the plaintiff files an amendment in state court substituting the names of real parties and the defendant seeking removal thereafter establishes diversity of citizenship between the plaintiff and all named defendants." *Id.* at 1034 (quoting *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981)). The court also stated that "if the negligence of a John Doe servant is alleged, making him a real party in interest in the suit, his citizenship will matter to a determination whether complete diversity exists."  *Id.* (quoting *Portis v. Sears, Roebuck & Co.*, 621 F. Supp. 682, 683 (E.D. Mo. 1985)).  However, the cases expressly relied upon by the court in *Nickelberry* were decided before Congress amended 28 U.S.C. § 1441 in 1988[2] to add the language which states that the citizenship of defendants sued under fictitious names shall be disregarded.  For example, in *Pecherski*, decided in 1981, the Eighth Circuit cited to the 1976 version of § 1441 which does not contain the 1988 amendment.  *See Pecherski*, 636 F.2d at 1159; *see also Payich v. GGNSC Omaha Oak Grove, LLC*, 2012 WL 1416693, at *3 n. 1 (D. Neb. 2012) (stating that *Pecherski* was overruled by the 1988

---

[2] "The 1988 change made in subdivision (a) of § 1441 adds a sentence to deal with the problem of the fictitious defendant in diversity of citizenship cases. It permits other (and named) defendants to remove the case without having to determine, and without waiting to determine, the citizenship of the fictitious party."  Commentary to 28 U.S.C. § 1441.

4

amendments to § 1441). Likewise, *Portis* was decided in 1985. Noble argues that *Nickelberry*'s reliance on these cases as its stated authority is not dispositive because *Nickelberry* was decided in 1998, ten years after the 1988 amendment to § 1441, and so therefore, the court in *Nickelberry* presumably knew about the amendment. But nothing in the *Nickelberry* decision acknowledges or cites the 1988 amendment, and the court relied almost exclusively on cases decided prior to the amendment. The court's reasoning is in direct contrast to the plain language of § 1441(b)(1).

Noble also cites to *Thompkins v. Lowe's Home Center, Inc.*, 847 F. Supp. 462 (E.D. La. 1994), and *Marshall v. CSX Transp. Co., Inc.*, 916 F. Supp. 1150 (M.D. Ala. 1995). The court in *Thompkins* acknowledged the 1988 amendment, but carved out an exception to it where a plaintiff's allegations "give a definite clue about the identity of a fictitious defendant by specifically referring to an individual who acted as a company's agent." *Id.* at 464. In *Marshall v. CSX Transp. Co., Inc.*, 916 F. Supp. at 1152, the Middle District of Alabama, citing *Thompkins*, acknowledged the same exception to § 1441(b)(1). However, as recognized by the Middle District of Louisiana, "the majority of [Louisiana] district courts have more recently rejected [*Thompkins*], in light of the 1988 amendment to 28 U.S.C. § 1441 that expressly instructs courts to ignore the citizenship of fictitious defendants upon removal." *Dixon v. Greyhound Lines, Inc.*, 2013 WL 4766797 at *2 (M.D. La. 2013) (citing *Maynard v. Target Corp.,* 2010 WL 2464800, at *3 (E.D. La. 2010) (finding *Tompkins* "inapplicable" because it relied upon a pre-amendment "district court decision from 1982"); *Whiddon v. Wal–Mart Stores, Inc.*, 2005 WL 14912, at *2 (E.D. La. 2005) (specifically rejecting the holding in *Tompkins,* in light of the 1988

5

amendment); *Thompson v. ZC Sterling Ins. Co.*, 2007 WL 1098883 at *2 n. 9 (E.D. La. 2007) (same); *Alonzo v. Shoney's, Inc.*, 2001 WL 15641 at *3 (E.D. La. 2001) (same). Further, other than *Nickelberry*, discussed above, Noble has cited to no Eighth Circuit or Missouri district court opinion acknowledging the same exceptions. Legislation permitting removal is construed strictly, *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007), and § 1441(b)(1) expressly states that the citizenship of fictitious defendants should be disregarded in determining whether a civil action is removable. The statute does not create exceptions, and the Court will not do so either.

Pursuant to 28 U.S.C. § 1441(b)(1), the Court disregards the citizenship of the John Doe Defendants. Therefore, complete diversity does exist because Noble is a citizen of Missouri, and Defendants are citizens of Wisconsin and Tennessee. Noble's Motion to Remand, [Doc. 13], is denied. Should Noble eventually determine the identities of the John Doe Defendants through the discovery process, and at least one of them is in fact a Missouri resident, Noble may renew his Motion to Remand at that time.[3]

### B. Motion to Quash Purported Service of Summons on John Doe Defendants

---

[3] In opposition to Noble's Motion to Remand, Defendants also argue that joinder of the John Doe Defendants constitutes fraudulent joinder. Defendants argue that as agents of OHL, the John Doe Defendants are only liable for injuries sustained on OHL's premises if they undertook sole and complete control of the management of OHL's premises and that Noble has not alleged the John Doe Defendants controlled the premises. Noble argues that an agent may also be liable when he breaches some duty owed by him to the injured party and that Noble has specifically pleaded that the John Doe Defendants owed a duty to OHL employees to provide a safe working environment. What duty the John Doe Defendants owed to Noble, if any, and whether Missouri state law might impose liability on the John Doe Defendants under the facts alleged so as to defeat a claim of fraudulent joinder, *Smith v. Mexas Kansas City LLC*, 2013 WL 4679094, at *2 (W.D. Mo. 2013), is a question better left until the John Doe Defendants are identified and another motion to remand is filed.

In its Motion to Quash, OHL argues that service on the John Doe Defendants is improper because Noble failed to identify the John Doe Defendants by their actual names. Noble did not file suggestions in opposition to this Motion. Federal Rule of Civil Procedure 4(a)(1)(B) states that a summons must be directed at the defendant. Accordingly, Noble's attempt to serve the John Doe Defendants by directing the Petition and Notice and Acknowledgment for Service by Mail to the John Doe Defendants' job titles and not their actual names is insufficient to satisfy the requirement of Rule 4(a)(1)(B). OHL's Motion to Quash is granted.

### III. Conclusion

For the reasons set forth above, Noble's Motion to Remand, [Doc. 13], is denied, and OHL's Motion to Quash Purported Service of Summons on John Doe Defendants, [Doc. 6], is granted.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 26, 2015
Jefferson City, Missouri