IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY D. NOBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-01149-NKL |
| ) | |
| OZBORN-HESSEY LOGISTICS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Timothy Noble filed this lawsuit seeking damages for negligence against Shane Waller, Wise Way Transportation Services, Ozborn-Hessey Logistics (OHL), Jason Lanter, Larry Hibbs, and Mark Netemeyer after Defendant Waller drove a tractor-trailer over Noble's foot while backing it into a loading dock at the OHL warehouse where Noble was working. Before the Court is Noble's Motion to Remand, [Doc. 52], and Defendants OHL's, Lanter's, Hibbs', and Netemeyer's Motions to Dismiss, [Docs. 44, 46, 48, 50]. The Motion to Remand is denied, and the Motions to Dismiss are granted.

**I. Background**

The following facts are taken from Plaintiff Timothy Noble's Amended Complaint, Noble's deposition testimony,[1] and from Noble's counsel's argument during oral argument. Plaintiff Timothy Noble is a citizen of Missouri. Defendant Shane Waller is a citizen of Wisconsin. Defendant Wise Way Transportation is a foreign corporation domiciled in Wisconsin. Defendant OHL is a foreign corporation with its principal place of business in

---

[1] The Parties agreed during oral argument that the Court should consider Noble's deposition testimony for purposes of the Motions to Dismiss and Motion to Remand and that converting the motions to motions for summary judgment is not necessary.

1

Tennessee. Defendants Lanter and Hibbs are citizens of Missouri. Defendant Netemeyer is a citizen of Kansas.

In April 2012, MOM Brands, a maker of cereal products, had an agreement with Defendant OHL to store its cereal products at OHL's warehouse in Kansas City, Missouri. OHL employed various personnel to work at the warehouse including Defendants Jason Lanter, OHL Director of Operations, Larry Hibbs, OHL Operations Supervisor, and Mark Netemeyer, OHL Operations Manager. To transport its products to the OHL warehouse, MOM Brands hired Defendant Wise Way Trucking. Wise Way Trucking hired Defendant Shane Waller to drive one of its trucks. MOM Brands also hired Taylor Truck Line to provide transportation and logistics services at the OHL facility. Taylor Truck Lines hired Plaintiff Timothy Noble to work at the OHL facility where he assisted tractor trailer units enter dock loading areas.

As a trailer spotter, Noble's job was to hook trailers to a tractor and deliver them to the appropriate dock for loading or unloading. Occasionally, the OHL warehouse would receive a "live unload," which was a loaded tractor trailer that was accompanied by a driver who would back the trailer to the dock for unloading. In order to unload or load product from or into a trailer at a loading dock, the tandem axles on the back of the truck must be slid toward the rear of the trailer, which allows the trailer to fit evenly with the loading dock. In situations where trailers were empty or dropped off at the warehouse, Noble would slide the tandem axles on those trailers. With "live unloads" the driver of the tractor trailer was responsible for sliding his or her own tandem axles.

On April 12, 2012, Defendant Waller was operating a tractor trailer owned by and operated under the authority of Wise Way Transportation at the loading dock of OHL's warehouse. Because Waller was driving his truck, it was considered a "live unload." Waller

informed Noble that the tandem axles on his trailer would not slide or were inoperable. Noble told OHL's Operations Supervisor, Defendant Larry Hibbs, that Waller could not get the tandem axles to slide. Hibbs instructed Noble to help Waller slide his tandem axles. Hibbs did not tell Noble how to help Waller. Based on previous experience, Noble instructed Waller to rock his truck back and forth while Noble attempted to slide the tandem axles using a nylon strap. While Waller was attempting to rock the truck back and forth, Waller applied too much gas, and the wheels of the truck moved forward and slid on top of Noble's foot. As a result, Noble sustained injuries to his right foot.

Noble alleges Waller operated the truck, which was in a defective and damaged condition, in a careless and negligent manner and is liable for Noble's injury. Noble also alleges that Wise Way Transportation, Waller's employer, is vicariously liable for Waller's actions and independently negligent. Noble further alleges that Lanter, as Director of Operations at OHL, Netemeyer, as Operations Manager at OHL, and Hibbs, as Operations Supervisor at OHL, negligently failed to ensure that policies and procedures concerning the safety of employees at the OHL worksite were being followed and enforced. Noble also alleges Hibbs was responsible for placing Noble "in the dangerous position he was in at the time he incurred the injuries" and that Hibbs had a duty of care to Noble once he instructed Noble to help Waller. *Id.* at p. 10, ¶ 2. Noble claims OHL is vicariously liable for Lanter, Netemeyer, and Hibbs's actions and independently negligent.

## II. Discussion

### A. Motion to Remand

Noble filed this lawsuit in the Circuit Court of Jackson County, Missouri. OHL removed the case to this Court on the basis of diversity jurisdiction. In his Motion to Remand, Noble

3

argues this case should be remanded because he is a citizen of Missouri and Defendants Lanter and Hibbs are citizens of Missouri, and therefore, diversity jurisdiction does not exist. Defendants argue remand is not appropriate because Lanter and Hibbs are fraudulently joined.

Fraudulent joinder is "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). Fraudulent joinder occurs, and federal jurisdiction will be retained, if there is "no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 810. If, however, "there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." *Id.* The term "colorable" describes "an alleged cause of action that is reasonable, but speculative." *Id.* at 810, n.10.

The removing party has the burden of proving that joinder is fraudulent and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court," *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). The reasonable basis standard articulated in *Filla* is distinct from, and less demanding than, the Rule 12(b)(6) plausibility standard, meaning the removing defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Id.* at 980; *see also Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445-46 (8th Cir. 2010); *Dollens v. RSC Equip. Rental, Inc.*, No. 12-04271-CV-W-FJG, 2013 WL 822096, at *5 (W.D. Mo. Mar. 6, 2013).

In his Amended Complaint, Noble alleges Lanter and Hibbs – the non-diverse defendants – owed him a duty to maintain a safe workplace. However, the duty to provide a safe workplace is a nondelegable duty owed by an employer to its employees. *Leeper v. Asmus*, 440 S.W.3d 478, 484 (Mo. Ct. App. 2014). In other words, Hibbs and Lanter, as employees of OHL, do not

4

owe a duty to Noble to maintain a safe workplace. Instead, any such duty belongs to OHL. *Carman v. Wieland*, 406 S.W.3d 70, 76-77 (Mo. Ct. App. 2013) ("When an employee fails to perform the employer's nondelegable duty, the failure rests with the employer, not the employee."). Because Noble has not alleged a cognizable duty owed by Lanter and Hibbs, there is no colorable cause of action arising out of Noble's claim that Lanter and Hibbs failed to provide a safe workplace.

Noble argues in addition to owing him a duty to maintain a safe workplace, Hibbs owed him a personal duty of care that arose when Hibbs instructed Noble to assist Waller in sliding his tandem axles. Noble argues Hibbs "breached this duty when [he] directed him to perform a task (sliding tandem axels which could not be moved) which a person of ordinary prudence would recognize as unreasonably dangerous." [Doc. 67, p. 2]. Noble alleges Hibbs was "directly responsible for placing [him] in the dangerous position he was in at the time he incurred the injuries" and that Hibbs "was negligent in requiring . . . Noble to place himself in a position of peril in assisting . . . Waller with his defective trailer equipment." [Doc. 42, p. 10, ¶¶ 2-3]. In an action for negligence, the plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff. *Cupp v. Nat'l R.R. Passenger Corp.*, 138 S.W.3d 766, 771 (Mo. Ct. App. 2004). The existence of a duty is a question of law. *Id.* A duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury. *Id.* at 772.

Noble's allegations, taken as true, do not sufficiently plead a duty owed by Hibbs to Noble. Noble concedes that Hibbs instructed him to help Waller move his tandem axles – a job Noble regularly performed with trailers that were not "live unloads" – but that Noble, not Hibbs,

5

made the decision of how he would help Waller. There are no factual allegations suggesting Hibbs instructed Noble on how to move the tandem axles or on where Noble should position himself when helping Waller. There is no foreseeable likelihood that Hibbs' instruction to Noble to help Waller would cause Noble harm or injury. Therefore, as a matter of law, Noble has not sufficiently pleaded a duty owed by Hibbs.

In support of his argument that Hibbs owed him a duty of care, Noble cites to *Lynch v. Rosenthal*, 396 S.W.2d 272, 278 (Mo. Ct. App. 1965). In *Lynch*, the plaintiff was a man with an intellectual disability who lived with the defendant and helped him with farm work in exchange for room and board. The plaintiff, who was twenty-two years old, had the mental capacity of a nine or ten year old child. The defendant directed the plaintiff to walk between a corn picker and a wagon which was pulled behind the corn picker and to pick up any corn that would fall on the ground instead of into the wagon. While doing as the defendant instructed, the plaintiff stumbled, and his right arm was caught in the corn picker causing severe injuries to his arm. *Id.* at 273. The defendant testified at trial that he did not warn the plaintiff about getting close to the corn picker or that the picker was dangerous despite knowing that the plaintiff had to be told repeatedly how and what to do. *Id.* at 275. The defendant also knew the plaintiff had previously injured his hand in a corn picker while helping another person. *Id.* When the plaintiff sued the defendant for a negligent failure to warn of the dangers of the corn picker, the defendant argued that he owed no duty to warn of the danger. *Id.* at 277. The Missouri Court of Appeals disagreed, concluding that because the defendant was in close proximity to the picker at the direction of the defendant and for the defendant's benefit, the plaintiff was an invitee, and the defendant landowner was required to exercise ordinary care for the plaintiff's safety. *Id.* The Missouri Court of Appeals observed that the defendant directed the plaintiff, who was

6

intellectually disabled, to walk behind the picker, between it and the wagon, which the defendant admitted was a dangerous place to walk. *Id.* at 278.

The facts in this case are materially different than in *Lynch*. First, Noble concedes he was hired by Taylor Truck Line and that Taylor Truck Line was hired by MOM Brands. Noble was not on OHL's property as an invitee for the benefit of OHL. However, even if Noble was an invitee and OHL owed him a duty of ordinary care, this does not mean Hibbs, as an employee of OHL, owed Noble a duty of ordinary care. Nor are there factual allegations that Hibbs directed Noble to perform a task which he knew or should have known was dangerous. Noble admits that Hibbs did not tell Noble how to perform this task or where to position himself. In other words, there are no factual allegations suggesting Hibbs failed to exercise ordinary care by telling Noble to help Waller slide his tandem axles.

Noble also cites to *Jones v. Jones*, 384 S.W.2d 807 (Mo. Ct. App. 1964). However, in *Jones*, the issue before the Missouri Court of Appeals was whether the plaintiff was contributorily negligent and whether jury instructions were misleading. And regardless, the facts in that case were also materially different than in this case because in *Jones*, the plaintiff alleged he was instructed by the defendant to stick his hand into a combine motor and to pull down a belt while the defendant attempted to start the motor. The defendant also failed to warn the plaintiff that a metal shield that was originally installed over the belt to prevent a hand from becoming entangled had been removed by the defendant and never replaced. In this case, Hibbs only instructed Noble to help Waller. There are no allegations that Hibbs gave directions on how to help or otherwise failed to warn Noble of a possible danger.

Noble's allegations against Lanter and Hibbs, accepted as true, do not create the inference of a duty owed by them to Noble. Noble has no "colorable cause of action" against

7

Lanter and Hibbs for negligence, and therefore, the Court concludes that Lanter and Hibbs were fraudulently joined. Because Lanter and Hibbs, the non-diverse defendants, were fraudulently joined, complete diversity exists and this Court retains jurisdiction pursuant to 28 U.S.C. § 1332. Noble's Motion to Remand is denied.

### B. Motions to Dismiss

#### 1. Lanter and Hibbs

As discussed above, Noble has failed to plead Lanter and Hibbs owed a duty of care to him, and therefore, Noble's negligence claims against Lanter and Hibbs in Counts IV and V are dismissed. Lanter's and Hibbs' Motions to Dismiss are granted.

#### 2. Netemeyer

The allegations in Noble's Amended Complaint against Netemeyer are nearly identical to the allegations against Lanter. *See* [Doc. 42, pp. 11-12, ¶¶ 2-3]. Therefore, Noble's negligence claim in Count VI against Netemeyer is dismissed for the same reasons Noble's claim against Lanter is dismissed. Netemeyer, as an employee of OHL, does not owe a duty to Noble to maintain a safe workplace. *See Carman*, 406 S.W.3d at 76-77.

#### 3. OHL

Noble alleges OHL is vicariously liable for Lanter's, Hibbs', and Netemeyer's negligence and for their failure to ensure the policies and procedures that were in place to ensure safety of the employees at the OHL worksite were being followed and enforced. These allegations fail to plead a claim for vicarious liability. First, as discussed above, Noble has not sufficiently pleaded a claim against OHL's employees for negligence because Noble has not pleaded facts to support the inference that OHL's employees owed him a duty of care. OHL cannot be vicariously liable for its employees' negligence when Noble has not sufficiently pleaded its employees were

8

negligent. *See Peoples v. Conway*, 897 S.W.2d 206, 208 (Mo. Ct. App. 1995) ("[W]here there is no ground for recovery due to the alleged negligence of [the employee], there is no ground for recovery against his employer.")

Noble also alleges OHL is independently negligent or failing to implement policies and procedures to ensure safe working conditions for the people working at the warehouse, failing to ensure that policies and procedures were being followed and enforced, and failing to adequately train, instruct, and supervise its employees in the policies and procedures concerning safe operation of its warehouse. *Id.* at p. 14, ¶ 3. "Under Missouri law, to establish a common law claim of employer liability, [Noble] must prove that [OHL] negligently breached the employer's duty to maintain a safe workplace, and that this negligence was the direct and proximate cause of [Noble's] injuries." *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010). To prevail on a claim for employer negligence, Noble must ultimately prove every element of the claim, including employee status. *Id.* at 819. During oral argument, Noble conceded he is employed by Taylor Truck Line and not by OHL. Because Noble is not OHL's employee, OHL does not owe a duty to him to provide a safe workplace.

Noble argues that even if he is not an employee of OHL, OHL still owes a duty to him to provide a safe workplace because he is an employee of an independent contractor. Under Missouri law, "employees of an independent contractor who have permission to use the landowner's facilities or premises are invitees," and "a property owner owes an invitee the duty to use reasonable and ordinary care to prevent injury." *Spaulding v. Conopco, Inc.*, 740 F.3d 1187, 1191 (8th Cir. 2014). "An invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Id.* However, to recover from the landowner, the employee (Noble), must show "that the

9

landowner [(OHL)] controlled the jobsite and the activities of the contractor" (Taylor Trucking). *Id.* at 1191-92. "Furthermore, the landowner's involvement . . . must be substantial, for it must go beyond securing compliance with contracts." *Id.* at 1192. The landowner "must control the physical activities of the employees of the independent contractors or the details of the manner in which the work is done." *Id.* "A landowner's adoption of general safety policies will not suffice to establish control over the jobsite." *Id.* at 1192-93 (citing *Smart v. Chrysler Corp.*, 991 S.W.2d 737, 746 (Mo. Ct. App. 1999) (concluding that landowner that provided safety guidelines and instructions as well as stationed safety personnel through the construction site was insufficient to demonstrate control of the worksite for purposes of landowner liability to an employee of an independent contractor)).

At the outset, the Court will note that during oral argument and in his deposition, Noble made it clear that he was employed by Taylor Truck Line and that Taylor Truck Line was hired by MOM Brands, not OHL. So while Noble may be an employee of an independent contractor, the work Noble was hired to perform was not for the benefit of OHL or related to OHL's business dealings. However, even assuming Noble was an invitee of OHL, Noble still fails to allege any duty owed by OHL. Noble does not allege any facts upon which this Court could infer that OHL maintained control over him, the way he performed his job on behalf of Taylor Trucking, Waller (who is not an employee of OHL), or Wise Way Transportation's defective truck. In his brief opposing OHL's Motion to Dismiss, Noble states that his supervisor at Taylor Trucking told him to "perform any tasks which OHL requested" and that "Plaintiff's role as an employee of Taylor Trucking . . . , pursuant to an apparent understanding between [Taylor Trucking] and OHL, was to perform any tasks which OHL might request." [Doc. 53, pp. 2-3]. Noble also states he "was performing services for OHL with OHL's full knowledge and

10

Case 4:14-cv-01149-RK   Document 71   Filed 08/21/15   Page 10 of 11

blessing." *Id.* at 3.  However, during oral argument, Noble stated that he used his own equipment and that when he was asked to help Waller, he was not instructed on how to help Waller.  In other words, Noble maintained control over the details of the manner in which his work was done.

Noble has not sufficiently pleaded a duty owed to him by OHL, and regardless of Noble's relationship with OHL, he has failed to state a claim against OHL.  Therefore, the Court will not discuss OHL's alternative argument that Noble is a statutory employee of OHL, thereby making OHL immune from a civil suit in negligence pursuant to the Missouri Workers' Compensation Act.  OHL's Motion to Dismiss is granted and Counts VII and VIII are dismissed.

### III.     Conclusion

For the reasons set forth above, Noble's Motion to Remand is denied, and Lanter's, Hibbs's, Netemeyer's, and OHL's Motions to Dismiss are granted.  Counts IV-VIII in Noble's Amended Complaint are dismissed.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  August 21, 2015  
Jefferson City, Missouri